SARA B. BRADBURY v. RALPH EUGENE CUMMINGS AND THE UNKNOWN HEIRS AND/OR ASSIGNS OF JOSEPH FAIN A/K/A JAMES FAINES AND JOSEPH N. FAINES, DECEASED, THE CITY OF NEW BERN, A MUNICIPAL CORPORATION, AND CRAVEN COUNTY, A BODY POLITIC OF THE STATE OF NORTH CAROLINA

No. 833DC735

(Filed 1 May 1984)

Taxation § 34— tax lien—private holder—statute of limitations precluding foreclosure

An action brought by plaintiff pursuant to G.S. 105-371, 372, 374, to foreclose certain tax liens for ad valorem taxes on real estate due the City of New Bern for the years 1933 through 1968 was barred by G.S. 105-378(a) since the action was not instituted within ten years from the date the taxes became due. Although private holders of tax lien sale certificates are not mentioned in G.S. 105-378, the Court found the statute to also apply to them. G.S. 105-371 and G.S. 1-56.

APPEAL by defendant Ralph Cummings and the unknown heirs and/or assigns of Joseph Fain a/k/a James Faines and Joseph N. Faines, deceased, from the Order denying their Rule

12(b)(6) motion to dismiss entered by *Rountree, Judge,* on 18 January 1983, in District Court, CRAVEN County, and from the Order granting summary judgment for the plaintiff, entered by *Lumpkin, Judge,* on 27 May 1983 in District Court, CRAVEN County. Heard in the Court of Appeals 13 April 1984.

*Lee, Hancock, Lasitter & King, by C. E. Hancock, Jr. and John W. King, Jr., for defendant appellant Ralph Eugene Cummings.*

*Perdue, Voerman & Alford, by Benjamin G. Alford, for defendant appellants the unknown heirs and/or assigns of Joseph Fain a/k/a James Faines and Joseph N. Faines, deceased.*[1]

*Henderson & Baxter, P.A., by B. Hunt Baxter, Jr., for plaintiff appellee.*

BECTON, Judge.

I

On 19 October 1982, plaintiff brought this action pursuant to N.C. Gen. Stat. §§ 105-371, -372, -374 (1979), to foreclose certain tax liens for ad valorem taxes on real estate due the City of New Bern for the years 1933 through 1968, with the exception of the year 1943. Plaintiff had purchased the tax lien sale certificates from the City on 16 August 1978 for the purchase price of $359.78. The defendants filed answers raising the statute of limitations as a defense. The defendants also filed motions to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. District Court Judge Horton Rountree denied the Rule 12(b)(6) motions of Ralph Cummings and of the guardian for the unknown heirs, but granted the motion filed by the City of New Bern to dismiss the action as to the City. Subsequently, District Court Judge W. Lee Lumpkin, III, granted summary judgment for plaintiff, and the remaining defendants appealed.

II

Defendants style the question presented as follows: "Did the trial court commit reversible error in denying the defendants' mo-

---

1. By order of this Court, filed 20 October 1983, Benjamin G. Alford was allowed to withdraw from the case, and a substitute guardian ad litem was later appointed.

tion to dismiss and in granting plaintiff's motion for summary judgment where action was brought fourteen years after it accrued?" We answer the issue, "Yes."

N.C. Gen. Stat. § 105-378(a)(1979) provides as follows:

No county or municipality may maintain an action or procedure to enforce any remedy provided by law for the collection of taxes or the enforcement of any tax liens (whether the taxes or tax liens are evidenced by the original tax receipts, tax sales certificates, or otherwise) unless the action or procedure is instituted within 10 years from the date the taxes became due.

As can be seen, the taxing unit—the municipality—would be barred from maintaining any action or procedure to enforce for the collection of the taxes in question unless the action or procedure was instituted within ten years from the date the taxes became due. Taxes are due on the first day of September of the taxable year. N.C. Gen. Stat. § 105-360 (1979). Consequently, at the time the plaintiff purchased or took an assignment of tax liens from the City of New Bern, the City would have been barred by G.S. § 105-378 from maintaining any action to collect the taxes, except the taxes that were delinquent for the year 1968. That tax lien was barred by the statute of limitations one month later.

We have not overlooked plaintiff's argument that G.S. § 105-378, by its specific terms, refers to "county" or "municipality." Although private holders of tax lien sale certificates are not mentioned in G.S. § 105-378, we believe the statute nevertheless applies to private holders. N.C. Gen. Stat. § 105-371 (1979) provides that the lien of the purchasers of tax lien sale certificates "shall be of the same dignity" as the lien of the taxing unit. To allow the plaintiff to enforce a lien more than fourteen years after the most recent tax has become due would give her rights of greater dignity than those of the taxing unit from which she acquired the lien certificates. We do not believe the legislature intended for taxing units to assign barred claims to individuals who would then serve as collection agents for the taxing unit and thereby circumvent the limitation placed on the taxing units by G.S. § 105-378.

As a further basis for our ruling, we note that an action to foreclose a tax lien is a civil action and that N.C. Gen. Stat. § 1-56 (1983) bars civil actions commenced more than ten years after the action accrues.

For the foregoing reasons, the orders of the trial court denying defendants' Rule 12(b)(6) motion to dismiss and granting summary judgment in favor of the plaintiff are

Reversed.

Judges WELLS and JOHNSON concur.